**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| JESSE McNEELEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1703 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Amended Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus, filed by Petitioner, Jesse McNeeley, on July 31, 2014 (DE #5). For the reasons set forth below the petition (DE #5) is **DENIED**.

BACKGROUND

McNeeley was found guilty by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility of possessing a controlled substance in violation of B-202 on February 10, 2014. As a result of that hearing (WCC 14-02-55), he was deprived of 90 days earned credit time.

DISCUSSION

McNeeley argues that the DHB considered drug test results which were classified as confidential and not shown to him. However, the Screening Report (DE #5 at 10) indicates that McNeeley

did not request drug test results or any other physical evidence. Moreover, "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). McNeeley also objects that prison officials, rather than the hearing officer, decided that the test results were confidential. However, the violation of a prison rule is not a basis for habeas corpus relief, because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

McNeeley also argues that "the record is devoid of evidence concluding possession of a 'controlled substance.'" (DE #5 at 4.) Though McNeeley has not submitted the drug test results because they were not provided to him, here, the conduct report alone is sufficient evidence to have found him guilty. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> In reviewing a decision for some evidence, **courts are not required to conduct an examination of the entire record**, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

2

*Id.* (quotations marks and citation omitted, emphasis added). Here, the Conduct Report states:

> On the above date and time, I Sgt. Pomeroy located a composition book containing what appeared to be a rolled cigarette containing a green leafy substance. In the book was a state form – Notice of Confiscated Property – with offender McNeeley, Jessie #159364 name on the form.

(DE #5 at 11.) To satisfy due process, there need only be "some evidence" in the record to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted). Here, it was not unreasonable for the DHB to have believed the officer's eye witness report that he found a green leafy substance in a cigarette hidden in composition book. So too, it was not unreasonable for the DHB to have concluded that the book and the green leafy substance belonged to McNeeley because it contained a form that had been issued to him. Finally, it was not unreasonable for the DHB to have inferred that the green leafy substance which McNeeley was hiding in the book was a controlled substance. Though these are certainly not the only conclusions that could have been reached, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457

(1985). Therefore, McNeeley has not presented any basis for habeas corpus relief.

CONCLUSION

For the reasons set forth above, the amended petition (DE #5) is **DENIED**.

DATED: August 27, 2014            /s/ RUDY LOZANO, Judge
                                  United States District Court